Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorney for Plaintiff
Larry D. Simons, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>KIMBERLY DAWN LIGHTFOOT,<br><br>Debtor. | Case No. 6:22-bk-10626-SY<br><br>Chapter 7 |
| LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DAVID TATE, JR., an individual,<br><br>Defendant. | Adv. Proc. No. 6:22-ap-_____-SY<br><br>**COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR**<br><br>**[11 U.S.C. § 363(h)]**<br><br>DATE:  TO BE SET BY SUMMONS<br>TIME:  TO BE SET BY SUMMONS<br>PLACE:  Courtroom 302<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE DEFENDANT, AND HIS COUNSEL OF RECORD, IF ANY:**

For his Complaint for Authority to Sell Property Owned, in part, by Non-Debtor (the "Complaint") against the defendant David Tate, Jr. (the "Defendant"), plaintiff Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee") for the estate of the debtor Kimberly Dawn Lightfoot (the "Debtor") hereby alleges as follows:

///

---

1

COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR
[11 U.S.C. § 363(H)]

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff Larry D. Simons (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled In re Kimberly Dawn Lightfoot, bearing Case No. 6:22-bk-10626-SY (the "Bankruptcy Case").

3. Debtor Kimberly Dawn Lightfoot (the "Debtors") initiated this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 18, 2022 (the "Petition Date").

4. Defendant David Tate, Jr. (the "Defendant") is an individual residing within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Plaintiff is seeking authority to sell the Defendant's interest in the improved real property located at 1939 North Vallejo Way, Upland, California 91784, APN 1044-031-18 (the "Subject Property").

6. The Subject Property is legally described as follows:
LOT 6 OF TRACT NO. 8632, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 117, PAGES 87 AND 88 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

7. The Debtor and the Defendant acquired title to the Subject Property via a grant deed which was recorded in the Official Records of the Recorder's Office of San Bernardino County, California on April 25, 2012 as Document Number 2012-0161419 (the "Grant Deed"). A true and

correct copy of the Grant Deed is attached hereto, marked as Exhibit "1" and incorporated herein by this reference.

8. The Grant Deed reflects title to the Subject Property being held by the Debtor and the Defendant as "Kimberly D. Lightfoot, A Single Woman and David Tate Jr., A Single Man, as Joint Tenants with Right of Survivorship".

9. Plaintiff is informed and believes and, on that basis alleges that, since acquiring title to the Subject Property and despite only holding a 50% title interest in the Subject Property, the Debtor has paid the entirety of the mortgage payments, property taxes, and insurance for the Subject Property.

10. The Subject Property is located in the Central District of California.

11. Plaintiff is informed and believes and, on that basis alleges that the Subject Property is encumbered by a deed of trust in favor of Wells Fargo Bank, N.A. ("Wells Fargo") or its successors with an approximate current balance of $410,000.00.

12. Plaintiff is informed and believes and, on that basis alleges that the Subject Property has a current fair market value of approximately $950,000.00.

## FIRST CLAIM FOR RELIEF
## TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED,
## IN PART, BY A NON DEBTOR
## [11 U.S.C. § 363(h)]

13. Plaintiff realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

14. Based upon the current value of the Subject Property and the estimated outstanding debt against the Subject Property, and taking into account, estimated costs of sale, the Subject Property has gross equity of about $464,000.00, no less than half of which constitutes property of the Estate.

15. Plaintiff desires to sell both the Estate's interest in the Subject Property together with the remaining interest in the Subject Property of the Defendant.

16. Partition of the Subject Property between the Estate and Defendant is impracticable.

17. The sale of the Estate's undivided interest in the Subject Property would realize significantly less for the Estate than sale of the Subject Property free of the interests of the Defendant.

18. The benefit to the Estate of a sale of the Subject Property free of the interests of Defendant outweighs the detriment, if any, to the Defendant.

19. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

20. By reason of the foregoing, the Plaintiff may sell the interest of the Defendant in the Subject Property pursuant to 11 U.S.C. Section 363(h).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

1. To obtain approval for the sale of the interests of non-Debtor in the Subject Property pursuant to 11 U.S.C. § 363(h);

2. For attorney's fees; and

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: April 20, 2022

**LAW OFFICES OF LARRY D. SIMONS**

_____
Frank X. Ruggier
Attorney for Larry D. Simons, Chapter 7 Trustee